UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
   JOSEPHINE RIVERA,

                       Plaintiff,

             -against-                **MEMORANDUM & ORDER**

   JO ANNE BARNHART,                  CV-04-3005 (RJD)
   Commissioner of Social Security,

                       Defendant.
-----------------------------------------------------------X

DEARIE, District Judge.

     Plaintiff Josephine Rivera seeks review of the final determination of the Commissioner of the Social Security Administration ("the Commissioner") denying her disability insurance benefits. Commissioner moves to remand for development of the record, seeking additional evidence of plaintiff's ability to do her past relevant work and other work. Plaintiff cross-moves for judgment on the pleadings. She argues that Administrative Law Judge ("ALJ") Kahn erred in his determination that she can perform a full range of sedentary work and that she has a transferrable skill as an interpreter. She contends that she suffers from foot and ankle impairments which severely limit her ability to walk or stand. For the reasons discussed below, the Commissioner's motion for remand is granted, and plaintiff's cross-motion for judgment on the pleadings is denied.

## Background

### A.    Procedural History

Plaintiff applied for disability benefits on February 12, 1997. Tr. 13. Commissioner

1

denied plaintiff's application initially (Tr. 23-26) and on reconsideration. Tr. 30-32. ALJ Kahn reviewed the matter and upheld the Commissioner's decision. Tr. 252-62. The Appeals Council remanded, instructing the ALJ to obtain additional medical evidence and to further consider plaintiff's residual functional capacity and occupational limitations. Tr. 271-73. After conducting a supplemental hearing, ALJ Kahn again denied plaintiff's claim. Tr. 10-20. ALJ Kahn's decision became the final decision of the Commissioner on June 3, 2004, when the Appeals Council denied plaintiff's request for review. Tr. 5-7. This action followed on July 16, 2004.

### B. Plaintiff's Age and Work Experience

Plaintiff was born on April 30, 1939 in Puerto Rico. Tr. 386. She has an eighth-grade education and is proficient in English. Tr. 358, 386, 406, 383.[1] Plaintiff worked steadily from 1964 until 1996. She was employed as a hotel room attendant from 1964 through 1986, and as a housekeeper from 1988 to 1993. Tr. 86, 360-61. In 1993, plaintiff began working for the Visiting Nurse Service of New York as an escort and translator. Tr. 86. Her job required her to accompany nurses to patients' homes and assist with the translation of Spanish to English. Tr. 387. Plaintiff left this job in September 1996 due to problems with her feet. Tr. 85, 106, 362. Since that time, she has neither returned to her previous work nor looked for other work. Tr. 367, 420.

### C. Medical History

Plaintiff first sought treatment for foot pain in June 1996 from Dr. Lenny Ramirez, a

---

[1] In an undated report, plaintiff indicated that she had completed ninth grade. Tr. 71. However, she testified at her administrative hearings that she had only completed eighth grade. Tr. 358, 386, 406.

licensed podiatrist. Tr. 119, 191. Between September 1996 and March 1997, Dr. Ramirez performed a total of four surgeries to treat plaintiff's hallux valgus (toe deformities) and synovitis (inflamed tissue around her right ankle). Tr. 311-14, 315-17, 318-19, 320-21. Dr. Ramirez treated plaintiff for ongoing foot and ankle pain through December 1997, the same month in which he reported that she suffered from "chronic podiatric pain, inflammation and infection." Tr. 191-243, 130-31, 126. Plaintiff has not sought his care since 1997. Tr. 397. In March 1998, Dr. Ramirez concluded that plaintiff's ability to lift, carry, or sit were not impaired, and that she could stand or walk for as much as one hour per day. Tr. 123-25. In 2002, after the relevant period in this case, and after he had ceased to follow plaintiff for treatment, Dr. Ramirez issued a report in which he concluded that plaintiff lacked the ability to walk "long distances" as a result of ankle swelling and ankle pain. Tr. 309-10. He did not specify a length of time that he believed she could walk. Id. He also noted that plaintiff has high blood pressure and had recently been diagnosed with diabetes, which he believed exacerbated her gait abnormality. Id. With the exception of a handful of visits to a doctor in Puerto Rico, there is no evidence in the record that plaintiff has sought medical treatment from any physician since the end of 1997. Tr. 245-51, 404.[2] She takes Tylenol to relieve her foot and ankle pain. Tr. 405-06.

Dr. E.B. Balinberg, a consultative physician who examined plaintiff in 1997, estimated that plaintiff had "a restricted ability" to stand for long periods of time and walk long distances. Tr. 106-08. He indicated that her stance and gait were normal. Id. Dr. M. Malik, a state-appointed physician who assessed plaintiff's residual functional capacity in 1997, indicated that

---

[2] Records from plaintiff's medical treatment in Puerto Rico are in Spanish (Tr. 246-51) and were not translated for ALJ Kahn. Pl. Mem at 10.

she could stand or walk for up to six hours in an eight hour work day. Tr. 111-118. ALJ Kahn concluded that the medical evidence in the record established that plaintiff "suffers some pain and is limited in how long she can stand and walk," but was not consistent with her claimed inability to work. Tr. 17. He found that she retained the capacity to perform "the full range of sedentary work." Tr. 18.

### D.     Plaintiff's Description of Her Condition

Plaintiff lives alone in Queens. Tr. 395. She testified that her foot and ankle pain has gotten worse since 1998, by which time she had ceased receiving treatment from Dr. Ramirez. Tr. 394, 397. She testified that she can only walk half a block without needing to sit and that she can only stand for fifteen minutes. Tr. 394. She has trouble getting dressed. Tr. 395. Plaintiff does not go out on a daily basis but does not have any help with her daily activities such as cooking, cleaning or food shopping. Tr. 394-97. Plaintiff uses public transportation. Id. She has traveled to Puerto Rico to visit family at least twice since 1997. Tr. 403-04.

## Discussion

The Court must determine whether to award benefits or remand this case for further development of the record.

### A.  Standard of Review

Under the fourth sentence of 42 U.S.C. § 405(g), this Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." The district court's exercise of its authority to remand is discretionary. Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2004). However, a court should consider the "hardship to a

4

claimant of further delay." Id. at 387. Remand for further development of the evidence is "particularly appropriate" where the administrative record contains gaps or where "the ALJ failed to develop the record sufficiently to make" appropriate disability determinations. Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999). On the other hand, a court should award benefits when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). Finally, a court may itself determine disability instead of remanding if "application of the correct legal standard could lead to only one conclusion." Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) (citation omitted) (internal quotation omitted).

### B. Determining Disability

A claimant is eligible for benefits under the Social Security Act if prior to the claimant's last date insured, her impairments are of such severity that she is "not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exits in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The Social Security Administration follows a five-step process when evaluating whether a claimant is disabled:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on the medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If a claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education and work experience. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [she] has the residual functional capacity to perform [her] past work. Finally, if the claimant is

5

unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa, 168 F.3d at 77, quoting Barry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Although the burden is on plaintiff to show that she is disabled, once she has shown that "[her] impairment renders [her] unable to perform [her] past work, the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy that plaintiff could perform." Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998) (internal quotations omitted) (citations omitted).

## C. Remand for Further Development of the Record

### 1. The ALJ's Step Four Finding

At Steps One and Two of the sequential analysis, ALJ Kahn found that plaintiff had not engaged in substantial gainful activity during the relevant period and that she suffers from severe orthopedic impairments. Tr. 19. At Step Three, he found that none of plaintiff's impairments met or equaled one of the listed impairments in Appendix 1, Subpart P. Id. At Step Four, ALJ Kahn concluded that plaintiff is capable of performing a full range of sedentary work.[3] Id. He determined that her past relevant work as an escort and translator qualified as sedentary since it required "little by way of standing and walking, or lifting and carrying" and that plaintiff's allegations regarding her limitations were "not totally credible." Tr. 18, 19. He therefore concluded that plaintiff could return to her prior work and did not qualify for disability benefits. Id.

Social Security regulations direct the ALJ to consider "both objective medical evidence and any other evidence, including statements and reports from [the claimant] and [her]

---

[3] "Sedentary work is the least rigorous of the five categories of work recognized by [the Social Security Act's] regulations." Schaal at 501 n. 6.

6

physicians, relative to how his impairments and related symptoms affect his ability to work." Butts at 380. See also 20 C.F.R. § 404.1529. Contrary to ALJ Kahn's characterization of her past work, plaintiff offered uncontested testimony that her job as an escort and translator did in fact require her to spend a great deal of time standing, walking and climbing stairs. Tr. 359, 388. Additionally, vocational expert Andrew Pasternak determined that plaintiff's last job as an interpreter, as she performed it, fell "at the light level of physical exertion," even though it was classified as sedentary by the Dictionary of Occupational Titles. Tr. 421-22. ALJ Kahn did not explain why he failed to credit either plaintiff's or the vocational expert's description of her past work. However, "when an administrative law judge discredits an applicant's testimony, [he] must articulate the reasons for doing so." Ber v. Celebrezze, 332 F.2d 293, 299 (2d Cir. 1964). Remand is "particularly appropriate" where, as in this case, "[a court is] unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision." Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotations omitted) (citations omitted).

### 2.   The ALJ's Step Five Finding

Despite concluding that plaintiff could return to her past work, ALJ Kahn went on to consider whether plaintiff had the residual functional capacity to perform other jobs in the national economy at Step Five of the sequential analysis. He determined that her ability to translate Spanish to English is a transferrable work skill.[4] Tr. 14. ALJ Kahn relied on

---

[4] Plaintiff contends that she lacks this skill given that she has "a little difficulty" reading or writing in English. Tr. 386. However, plaintiff's argument is contradicted not only by her three years of work as a translator (Tr. 387), but also by her ability to testify in English at her most recent hearing despite the presence of a Spanish interpreter. Tr. 381-437.

7

Pasternak's testimony that plaintiff had acquired this skill from her past work as an escort and translator. Tr. 14. Pasternak testified that sedentary work exists in significant numbers in the economy which plaintiff is capable of performing. Tr. 425-26. Accordingly, ALJ Kahn again determined that plaintiff did not qualify for disability benefits. Tr. 18.

The Court agrees with the Commissioner's argument that the ALJ's reliance on Pasternak's testimony provides another basis for remand. Of the four jobs Pasternak suggested plaintiff could perform, three are potentially inappropriate. First, Pasternak erred in stating that plaintiff could work as a surveillance monitor. Tr. 425. Plaintiff was 56 years-old at the onset of her alleged disability. Tr. 14. A person "of advanced age (age 55 or older) [who has] a severe impairment(s) that limits [her] to sedentary or light work . . . cannot make an adjustment to other work unless [she has] skills that [she] can transfer to other skilled or semiskilled work." 20 C.F.R. § 404.1568(4). Therefore plaintiff can only perform work which is at least semiskilled, excluding the possibility of employment as a surveillance monitor, a job described by the Dictionary of Occupational Titles as unskilled. Additionally, Pasternak failed to explain how plaintiff's transferrable work skills were relevant to his suggested jobs as an information aide or a receptionist. Tr. 425-26. ALJ Kahn failed to sufficiently develop the record in order to make an appropriate determination of plaintiff's ability to participate in other work in the national economy. Accordingly, remand for additional evidence is "particularly appropriate." Rosa at 83.

### B.     Judgment on the Pleadings

#### 1.     Plaintiff's Ability to Engage in Sedentary Work

Judgment on the pleadings and remand for the computation of benefits is appropriate where "no purpose would be served by [remand for rehearing]" because the court's reversal is

8

based "solely on the [Commissioner's] failure to sustain [his] burden of adducing evidence of the [plaintiff's] capability of gainful employment and the [Commissioner's] finding that the [plaintiff] can engage in sedentary work is not supported by substantial evidence." Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000).

Substantial evidence in the record corroborates ALJ Kahn's finding that plaintiff is capable of performing sedentary work. The assessments offered by Dr. Ramirez, plaintiff's treating physician, do not establish that plaintiff is not able to stand or walk "occasionally." On the contrary, Dr. Ramirez concluded that plaintiff's ability to lift, carry or sit were not impaired, and that she could stand or walk for as much as one hour per day. Tr. 123-25. Even in his most recent report, nearly five years after plaintiff was last under his care, Dr. Ramirez only concluded that plaintiff lacked the ability to walk "long distances." Tr. 309-10. He did not indicate that she was incapable of performing sedentary work. Id. In the same report, he noted that plaintiff "travels by foot." Id. Additionally, consultative physician Balinberg noted that plaintiff's "chief complaint alleged as the reason for not working" was that she "[could not] walk fast," not that she could not walk occasionally. Tr. 106-08. Furthermore, plaintiff herself indicates that she is capable of occasional walking and standing throughout an eight hour day. Tr. 395-96.

Plaintiff argues that she lacks the ability to walk for two hours in an eight hour workday. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary is carrying out job duties." 20 C.F.R. § 404.1567(a). However, sedentary work does not necessarily involve more than one hour of walking per day. In fact, jobs are sedentary if walking

and standing are required "occasionally." Id. The concept of sedentary work "contemplates substantial sitting." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984). The language in Social Security Ruling 83-10 which indicates that sedentary work also generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day is "merely precatory." Id.

Because the evidence in this case is sufficient to support a finding that plaintiff could perform sedentary work, this is not a case where "no purpose would be served by [remand]." Curry at 124.

### 2. The "Painfully Slow Process"

Plaintiff asserts that she is now entitled to a calculation of benefits, arguing that otherwise, "the matter will drag out long enough for the required benefits to be an inheritance for her daughter. " Pl. Mem. at 4. This Court is mindful of the "often painfully slow process by which disability determinations are made," Carroll v. Sec. of Health and Human Servs, 705 F.2d 638, 644 (2d Cir. 1983), and that "a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay." Curry at 124. However, the evidence in the record does not contradict the ALJ's finding that plaintiff is capable of sedentary work. Furthermore, the evidence in the record does not contradict plaintiff's capacity to work as an interpreter: a sedentary, semiskilled job suggested by the vocational expert. The state of the record before the Court does not warrant judgment on the pleadings in plaintiff's favor.

## Conclusion

For the foregoing reasons, the Court remands this case to the Commissioner for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). Plaintiff's cross-motion for judgment on the pleadings is denied.

SO ORDERED.

Dated: Brooklyn, New York
　　　　July 8, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RAYMOND J. DEARIE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge